Ihor **KUSHMELIUK**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

No. 01–3898.

United States Court of Appeals, Sixth Circuit.

Nov. 14, 2002.

**752**

Before KENNEDY, NORRIS and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Ihor Kushmeliuk, a citizen of Ukraine, has remained in the United States in violation of the law since the expiration of his visa as a non-immigrant business visitor. The Board of Immigration Appeals ("BIA"), adopted the reasoning and opinion of the Immigration Judge ("IJ"), issued on June 18, 1996, ordering that he be deported, denying him asylum and withholding of deportation,[1] and holding him statutorily ineligible for voluntary departure. Kushmeliuk appeals the portions of the order denying his application for asylum or withholding of deportation and holding him statutorily ineligible for voluntary departure. We will affirm the BIA's order as to the former and reverse as to the latter.

The BIA's decision regarding asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Here, the Immigration Judge concluded, and the BIA agreed, that the level of mistreatment Kushmeliuk's evidence demonstrated could not be characterized as persecution. We agree, and we therefore affirm the BIA's order denying asylum or withholding of deportation for the reasons stated by the Immigration Judge.

The holding of the BIA, adopting the reasoning of the Immigration Judge, that Kushmeliuk is statutorily ineligible for voluntary departure, however, is another matter. The IJ found Kushmeliuk statutorily ineligible because he had been convicted of shoplifting, an offense to which he had pleaded guilty, and for which he had paid a fine but had served no jail time. In a footnote to the opinion, the IJ noted:

> Respondent has conceded that he was convicted of that offense and that it is a crime involving moral turpitude. He asserts, however, that the petty offense exception applies. I do not find, however, that the petty offense exception is contained in Section 241(a)(2) of the Act.

The BIA "adopt[ed] and affirm[ed] the thorough and well-reasoned decision of the Immigration Judge." Specifically, the BIA said, "Upon review of the Immigration Judge's decision and the respondent's appeal brief, we agree with the Immigration Judge's findings that ... the respondent is *unable to establish the requisite good moral character for voluntary departure relief because of this theft conviction,* petty or otherwise." (emphasis added).

The government contends that the BIA did not deny Kushmeliuk's request for voluntary departure for the reasons given by the IJ, but instead found that Kushmeliuk was not eligible for voluntary departure because he could not meet the statutory

---

1. An application for asylum adjudicated in deportation or exclusion proceedings commenced prior to April 1, 1997, is deemed to constitute an application for withholding of deportation. 8 C.F.R. § 208.3(b).

requirement of good moral character. Further, the government says, even if Kushmeliuk can establish that he meets the statutory requirements, the BIA held that for reasons other than those provided by the statute, he was not of good moral character, and under Section 309(c)(4)(E) of IIRIRA, that exercise of discretion is not reviewable.

We do not agree that the BIA's denial of Kushmeliuk's request for voluntary departure was an exercise of discretion beyond our review. The BIA explicitly tied Kushmeliuk's inability to establish good moral character to his theft conviction, but held that whether that conviction was for a petty offense was irrelevant. We therefore conclude that we have jurisdiction to review this claim.

We do agree with the government that our review is of the BIA's determination. The BIA explicitly held that Kushmeliuk could not establish the requisite good moral character for voluntary departure "because of his theft conviction, petty or otherwise." This is not, as the government contends, a finding that for reasons other than those contained in the statute, Kushmeliuk could not establish good moral character, but an explicit finding that because of his theft conviction, he was statutorily precluded from establishing good moral character. This conclusion, as we shall explain, is wrong.

Voluntary departure is discretionary with the Attorney General, but the parameters are set out in 8 U.S.C. § 1254(e):

> 8 U.S.C. § 1254(e) Voluntary departure.
>
> (1) Except as provided in paragraph (2), the Attorney General may, in his discretion, permit any alien under deportation proceedings, other than an alien within the provisions of paragraph (2), (3), or (4) of section 241(a) [8 U.S.C. § 1251(a)(2), (3), or (4) ] (and also any alien with the purview of such paragraphs if he is also within the provisions of paragraph (2) of subsection (a) of this section), to depart voluntarily . . . if such alien shall establish . . . that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this section.

The plain language of the statute provides that if the alien is not within the provisions of 8 U.S.C. § 1251(a)(2), (3), or (4) or § 1254(e)(2), then he is eligible for voluntary departure, providing that he is a person of good moral character. The government does not argue that Kushmeliuk is within any of these provisions except the subsection of § 1251(a)(2) covering crimes of moral turpitude. Kushmeliuk's theft conviction, however, does not put him within the purview of § 1251(a)(2) because that section requires both that the alien was convicted of an offense of moral turpitude and that, for that offense, the alien was sentenced to confinement for one year or longer. Even if Kushmeliuk's shoplifting conviction was for a crime of moral turpitude, he was not sentenced to confinement for one year or longer.

Kushmeliuk's remaining hurdle, then, is to prove that he "has been and is a person of good moral character." 8 U.S.C. § 1101(f)(3) defines "a person of good moral character" -

> (f) For the purposes of this Act –
> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was –
> (3) a member of one or more of the classes of persons, whether excludable or not, described in . . . [8 U.S.C. § 1182(a)(2)(A)-(C) ] . . .

(Although there are numerous other sections referenced in § 1101(f)(3), the gov-

ernment does not claim that any of them are applicable to Kushmeliuk.) We turn next to 8 U.S.C. § 1182(a)(2) (A)-(C), which provides in pertinent part:

8 U.S.C. § 1182 Excludable aliens

(a) Classes of excludable aliens.

(2) Criminal and related grounds

(A) Conviction of certain crimes

(i) In general. Except as provided in clause (ii), any alien convicted or, or who admits having committed or who admits committing acts which constitute the essential elements of–

(I) a crime involving moral turpitude is excludable.

(ii) Exception. Clause (i)(I) shall not apply to an alien who committed only one crime if–

(II) the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits having committed or of which the acts that the alien admits having committed constituted the essential elements) did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

Hence, under the statute, an alien is still of good moral character, although convicted of a crime or admitting to having committed a crime involving moral turpitude, provided that the maximum penalty for that crime does not exceed one year and, if there was an actual conviction, the sentence imposed (whether or not served) did not exceed 6 months. Kushmeliuk falls squarely within this provision.

For the reasons stated hereinabove, we affirm the portion of the BIA's order denying Kushmeliuk's request for asylum or withholding of deportation, and we reverse the portion of the order finding him statutorily ineligible for voluntary departure. We remand the matter to the BIA for further proceedings consistent with this opinion.